## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS

Daniel Enrique Zacarias Matos,

    *Petitioner,*

    v.

FRANCISCO VENEGAS, Facility Administrator, El Valle Detention Center; MICHAEL VERGARA, Harlingen Field Office Director, Harlingen Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, *in their official capacities*,

    *Respondents.*

Civil Action No.:

**PETITION FOR WRIT OF HABEAS CORPUS**

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

### INTRODUCTION

1. Daniel Enrique Zacarias Matos is a national of Venezuela who is currently in removal proceedings and detained at the El Valle Detention Facility (the "El Valle facility""). There is no order authorizing his removal from the United States. Despite that plain fact, U.S. Immigration and Customs Enforcement (ICE) officers attempted to remove Petitioner on March 14, 2025. They were unable to do so, apparently because of a problem with the flight, but have since informed Petitioner that they intend to remove him as early as tomorrow

1

morning (March 15). They have also engaged in coercive tactics in an attempt to force him to waive his right to a hearing before an Immigration Judge. See Ex. ___.

2. Petitioner seeks an order from this Court directing Respondents to refrain from attempting to remove him unless and until a removal order is entered against him. His impending removal obviously violates the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment.

3. Petitioner respectfully requests that this Court grant him a Writ of Habeas Corpus and order Respondents to refrain from removing him unless and until such time as he receives a final removal order.

**CUSTODY**

4. Petitioner is in the physical custody of Respondents. Petitioner is imprisoned at the El Valle immigration detention facility in Raymondville, Texas. Petitioner is under the direct control of Respondents and their agents.

**JURISDICTION**

5. This Court has jurisdiction to entertain this habeas petition under 28 U.S.C. 1331; 28 U.S.C. 2241; the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V; and the Suspension Clause, U.S. Const. art. I, § 2.

6. While federal court review of removal orders generally must occur upon a petition for review of a final removal order issued by an Immigration Judge and affirmed by the Board of Immigration Appeals. *See generally* 8 U.S.C. 1252(b)(9). But here there is no such order. The immigration statutes do not preclude district court review of claims that "cannot be raised efficaciously within the administrative proceedings." *Duron v. Johnson*, 898 F.3d 644, 647 (5th

Cir. 2018). "A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings." *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023). Therefore, this Court retains jurisdiction over this petition.

## VENUE

7.  Venue is proper in this District under 28 U.S.C. 1391 and 28 U.S.C. 2242 because at least one Respondent is in this District, Petitioner is detained in this District, Petitioners' immediate physical custodian is located in this District, and a substantial part of the events giving rise to the claims in this action took place in this District. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("the proper respondent to a habeas petition is 'the person who has custody over the petitioner'") (citing 28 U.S.C. 2242) (cleaned up).

## PARTIES

8.  Petitioner Zacarias Matos is currently detained by Respondents at El Valle, an immigration detention facility. He has been in ICE custody since on or about October 14, 2024, when he was arrested at El Paso County Jail following his arrest for violation of his probation on two, now-dismissed misdemeanor charges.

9.  Respondent FRANCISCO VENEGAS is the Facility Administrator of the El Valle Detention Facility, where Petitioner is currently detained. She is a legal custodian of Petitioner and is named in her official capacity.

10. Respondent MIGUEL VERGARA is the Field Office Director responsible for the Harlingen Field Office of ICE with administrative jurisdiction over Petitioner's immigration case. He is a legal custodian of Petitioner and is named in his official capacity.

11. Respondent Todd M. Lyons is the Acting Director of ICE. He is a legal custodian of Petitioner and is named in his official capacity.

12. Respondent Kristi Noem is the Secretary of the United States Department of Homeland Security (DHS). She is a legal custodian of Petitioner and is named in her official capacity.

13. Respondent Pamela Jo Bondi is the Attorney General of the United States Department of Justice. She is a legal custodian of Petitioner and is named in her official capacity.

## STATEMENT OF FACTS

### I.   PETITIONER IS IN REMOVAL PROCEEDINGS AND IS NOT SUBJECT TO AN ORDER OF REMOVAL

14. Petitioner came to the United States on or about December 2023.

15. ICE officers took Petitioner into custody at El Paso County Jail following his arrest for unintentional violation of his probation for two now-dismissed misdemeanor charges on or about October 14, 2024.

16. On D Petitioner was served a Notice to Appear in Immigration Court. He has had subsequent proceedings, but they remain on-going; no removal order has been entered against him. Petitioner has not yet had an individual hearing to determine his removability or adjudicate any application for relief from removal.

17. Moreover, no motion to dismiss or terminate removal proceedings has been filed by the attorneys representing ICE in the case and, as a result, no such motion has been adjudicated and granted by the immigration judge. As such, removal proceedings are on-going, and the Immigration Judge retains jurisdiction over Petitioner's removal case.

### II.   ICE OFFICIALS HAVE ALREADY ONCE ATTEMPTED TO REMOVE PETITIONER AND INFORMED PETITIONER HE IS TO BE REMOVED AS EARLY AS THE MORNING OF MARCH 15, 2025

18. On March 13, 2025, Petitioner was informed by ICE officers that all but four detained persons at the El Valle Detention Center were to be removed from the country on March 14, 2025.

4

Petitioner was told that he was among the detained persons to be removed at that time.

19. On the morning of March 14, 2025, petitioner and a number of other detained persons at El Valle were being prepared to board an airplane for removal from the United States. It was unclear to Petitioner whether the removal was to be to Venezuela or to another country. However, the passengers did not board the flight. Petitioner was informed that they were unable to board the plane because it did not pass an inspection; but that he would be removed on a later plane.

20. Petitioner repeatedly informed the ICE officers that he had not been ordered deported; that he did not want to board any plane; and that he was in the process of requesting bond from detention.

21. On the afternoon of March 14—just a few hours ago—Petitioner was told that he was to be removed from the country early the following morning, on March 15. When he again explained that he does not have a deportation order, Petitioner was informed that he was going to be departing the country due to an order from the President, and that if he did not sign a voluntary departure order ICE would sign one for him. See Ex. ___.

22. Petitioner has not agreed to voluntarily depart the United States, and, as explained below, even if he had the law would still not permit his removal until proceedings before the Immigration Judge have been terminated.

## LEGAL FRAMEWORK

23. 8 U.S.C. 1229a contain the "sole and exclusive" procedures for removing people from the United States, subject to a few narrow exceptions that do not apply here. Section 1229a(a)(3) states that "[u]nless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the

United States or, if the alien has been so admitted, removed from the United States."[1]

24. Petitioner is currently in removal proceedings under section 1229a and no decision has yet been made regarding his removability.

25. While the immigration laws specify a few other authorities that may be used to remove a noncitizen from the United States, none of them apply to Petitioner.

26. Certain noncitizens may be ordered removed by an immigration officer under the expedited removal procedures described in 8 U.S.C. 1225(b), but no determination has been made that Petitioner is amenable to expedited removal, and Petitioner has not been issued an expedited removal charging document.

27. Certain noncitizens who have been convicted of certain criminal offenses also may be removed pursuant to so-called "administrative removal" proceedings described in 8 U.S.C. 1228, but Petitioner has been convicted of no criminal offenses, is not being processed under the removal proceedings described in section 1228, and, in any event, could not be removed without a removal order even if he were being processed for removal under that provision.

28. A noncitizen who has illegally reentered the United States after having been removed may have that prior order of removal reinstated and may be removed pursuant to that prior order, as described in 8 U.S.C. 1231(a)(5). Petitioner has never been ordered removed previously and therefore has no prior order of removal that may be reinstated.

29. Even if one of the above removal authorities could apply to Petitioner, DHS currently lacks jurisdiction to order Petitioner removed and carry out his removal because jurisdiction has vested with the immigration court. Once that occurs, the immigration judge has exclusive authority to adjudicate the immigrant's removal case, unless the judge grants a motion to

---

[1] "Attorney General" in Section 1254a now refers to the Secretary of the Department of Homeland Security. *See* 8 U.S.C. 1103; 6 U.S.C. 557.

dismiss or terminate removal proceedings. 8 C.F.R. § 1239.2.

30. Although Petitioner could not depart voluntarily unless and until such a dismissal were to occur, Petitioner has in any event not requested voluntary departure. Any evidence to the contrary would be the product of coercion. See Ex. ___.

31. To resolve this case, the Court need only rule that in the absence of an order of removal, Petitioner cannot be removed from the country.

32. Should the Court nonetheless choose to address constitutional questions, it should also find that Petitioner's removal in the absence of an order of removal violates the Due Process Clause of the Fifth Amendment. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause [of the Fifth Amendment] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

33. At a bare minimum, "the Due Process Clause includes protection against *unlawful* or arbitrary personal restraint or detention." *Zadvydas v. Davis*, 533 U.S. 678, 718 (2001) (Kennedy, J., dissenting) (emphasis added). Where federal law explicitly prohibits an individual's removal, removing them also violates the Due Process Clause.

## CLAIMS FOR RELIEF

## COUNT ONE
## VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT –
## 8 U.S.C. § 1229a

34. Petitioners reallege and incorporate by reference each and every allegation contained above.

35. Section 1229a of Title 8 of the U.S. Code provides that, [u]nless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States."

36. Petitioner is in Section 1229a removal proceedings and such proceedings are ongoing. No determination has yet been made whether Petitioner is to be removed from the United States in such proceedings.

37. No other proceedings specified in the immigration laws for determining removability apply to Petitioner and, in any event, DHS lacks the jurisdiction to order Petitioner removed through any such proceedings during the pendency of Section 1229a removal proceedings.

38. Thus, the removal of Petitioner in the absence of a final order of removal violates Section 1229a, and he is entitled to an order prohibiting Respondents from removing him unless and until such time as he receives a final removal order.

<u>**COUNT TWO**</u>
**VIOLATION OF THE DUE PROCESS CLAUSE**
**OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION**

39. Petitioners reallege and incorporate by reference each and every allegation contained above.

40. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

41. Petitioners' removal violates the Due Process Clause because it lacks any statutory authorization.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Enjoin Petitioner's imminent removal unless and until a removal order is entered against him;

3. Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. 2243;

4. Declare that Petitioner's removal violates the Immigration and Nationality Act;

5. Declare that Petitioner's removal violates the Due Process Clause of the Fifth Amendment;

6. Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody unless they refrain from seeking to remove him without a removal order;

7. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

8. Grant such further relief as this Court deems just and proper.


Dated: March 14, 2025                                    Respectfully submitted,



                                                        s/ Jaime Diez, Attorney

                                                        **COUNSEL FOR PETITIONERS**
                                                        PO BOX 3070
                                                        Brownsville, TX 78523
                                                        Texas Bar 00783966
                                                        Fed Id. 23118
                                                        (956) 544-3564

**Verification by Someone Acting on Petitioner's Behalf Pursuant to 28 U.S.C. 2242**

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's legal representatives, as a law student assisting Petitioner in the matter of bond, working under the supervision of licensed attorney Jorge Dominguez. I have discussed with Petitioner's sister the events described in this Petition, who was directly informed by Petitioner. I was unable to make direct contact with Petitioner due to current limits on legal access. I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus, including the statements regarding Petitioner's current immigration proceedings, are true and correct to the best of my knowledge.

/s/___Julia Lynne Randolph_____                    Date: March 14, 2025