UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENRIQUE ZACARIAS MATOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-057 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## TEMPORARY RESTRAINING ORDER

According to the Verified Petition for Writ of Habeas Corpus (Doc. 1) in this matter, Daniel Enrique Zacarias Matos is a native of Venezuela who is currently being held at the El Valle Detention Center in Raymondville, Texas. His immigration case remains pending, and no Immigration Court has issued a final order of removal against him. He also alleges that the circumstances that permit the United States to remove an individual without an Immigration Court order, such as expedited removal, do not apply to him. Despite this fact, according to the Verified Petition, Zacarias Matos alleges that the Respondents intend to remove him immediately. He alleges that Respondents attempted to remove him on March 14, 2025, but were unable to do so based on logistical issues. He further alleges that Respondents have communicated to him that they intend to remove him today, on March 15, 2025. He further alleges that Government agents told him that he could sign a voluntary departure order, or that if he refused, the agents would fraudulently sign one in his name. Zacarias Matos alleges that he intends to litigate against his removal.

Zacarias Matos files his Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He requests that the Court issue a Temporary Restraining Order prohibiting the Respondents from removing him from the country absent a final order of removal from an Immigration Court. (Writ, Doc. 1, 8)

Based on the allegations in the Verified Petition, accompanied by Verified Statement from Julia Lynne Randolph, a legal intern assisting with the immigration proceedings, and solely for purposes of determining whether to issue a Temporary Restraining Order, the Court finds that evidence supports the following preliminary findings:

1. Zacarias Matos is being held in the Respondents' custody;

2. No Immigration Court has issued a final order of removal against Zacarias Matos;

3. The immigration proceedings regarding Zacarias Matos remain pending;

4. The Respondents have attempted on at least one occasion to remove Zacarias Matos from the United States of America; and

5. The Respondents have communicated to Zacarias Matos that they intend to remove him immediately.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that removing Zacarias Matos immediately would occasion immediate and irreparable injury, as he would no longer be able to pursue the claims that he alleges in his Petition for Writ of Habeas Corpus. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal). His removal would moot the Court's consideration of Zacarias Matos's claims, including whether the Court possesses subject matter jurisdiction to adjudicate those claims. The Court finds that maintaining the status quo is required to afford the parties the ability to develop a fuller record for the Court to consider the request for a preliminary injunction and other forms of relief, as presented in the Verified Petition

for Writ of Habeas Corpus, and to prevent the immediate and irreparable injury that may occur with the immediate removal of Zacarias Matos.

Accordingly, pursuant to Federal Rule of Civil Procedure 65, it is **ORDERED THAT**:

Respondents are enjoined from transferring or relocating Daniel Enrique Zacarias Matos from the El Valle Detention Center, and are enjoined from transporting Daniel Enrique Zacarias Matos outside of Willacy County or Cameron County, Texas, without an Order from the Court;

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) of Friday, March 21, 2025, or by Order of the Court; and

The Court shall hold a hearing on Wednesday, March 19, 2025, at 8:30 a.m., at which time the Court will consider whether to issue a preliminary injunction or other form of emergency relief as requested in the Verified Petition for Writ of Habeas Corpus (Doc. 1).

Respondents shall file a Response by no later than noon on March 18, 2025.

Signed on March 15, 2025.

*Fernando Rodriguez, Jr.*

Fernando Rodriguez, Jr.
United States District Judge