IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL ENRIQUE ZACARIAS MATOS, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:25-cv-057 |
| FRANCISCO VENEGAS, Facility Administrator, El Valle Detention Center, etc., Respondents. | § § § § | |

**RESPONDENTS' MOTION FOR EXTENSION OF
TIME TO FILE RESPONSE TO REQUEST FOR PRELIMINARY INJUNCTION AND
PETITION FOR HABEAS CORPUS RELIEF AND
MOTION TO CONTINUE MARCH 19, 2025 HEARING
OPPOSED**

TO THE HONORABLE JUDGE OF SAID COURT:

Respondents respectfully move for an "Order" extending the March 18, 2025, response deadline as well as continue the March 19, 2025, scheduled hearing. In support of this motion Respondents submit:

**Southern District of Texas (SDTX) Case**

1. On March 15, 2025, Petitioner filed a *Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*. [ECF 1]

2. On March 15, 2025, this Court issued a *Temporary Restraining Order* (TRO) pursuant to Rule 65 of the Federal Rules of Civil Procedure. [ECF 3]

3. In this TRO, the Court enjoined the Respondents from transporting Petitioner outside of Willacy and Cameron Counties located in Texas. In addition, this TRO Ordered Respondents to file a response to Petitioner's request for preliminary injunctive relief "or other

1

form of emergency relief as requested in the Verified Petition for Writ of Habeas Corpus" no later than noon on March 18, 2025. *Id.*

### United States District Court, District of Columbia (Washington, D.C.)
### The DDC Case

4.    Also on March 15, 2025, another lawsuit was filed in the United States District Court, District of Columbia (Washington, D.C.). The case is styled: *J.G.G., et al. v. Donald J. Trump, In His Capacity as President of the United States, et. al.*, 1:25-cv-00766-JEB ("DDC case")[1]. In the DDC case, Petitioners/Plaintiffs raised issues similar to those raised by the Petitioner in the instant case in which the resolution of same will have a direct impact on the resolution of issues presented here.

5.    On March 15, 2025, in the DDC case, Petitioners/Plaintiffs filed a *Motion for Temporary Restraining Order* as well as a *Motion for Class Certification*.

6.    On March 15, 2025, the DDC issued a TRO by way of a Minute Entry Order.

7.    On March 15, 2025, after hearing, the DDC issued a Minute Entry Order granting the Plaintiffs' Motion for Class Certification for "All noncitizens in U.S. custody who are subject to the March 15, 2025, Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and its implementation." The Order also enjoined Respondents from removing members of the class (not otherwise subject to removal) for fourteen days (to wit: March 29, 2025). Petitioner in the instant action is a member of the class as described by the DDC's Order.

8.    Following the issuance of this Order, on March 15, 2025, a Notice of Appeal to the D.C. Circuit Court was filed. See, *J.G.G. et al. v. Trump et al.*, Nos. 25-5067, 25-5068 (D.C. Cir.)

---

[1] A copy of the District of Columbia's Docket Sheet in 1:25-cv-00766 is attached for the Court's reference.

**Extension and Continuance Requests**

9. The Petitioner in the SDTX case was not deported as scheduled on March 15, 2025. Respondents complied with this Court's Order enjoining them from removing Petitioner from the country.

10. The Petitioner in this case is in no immediate danger of deportation or removal because (1) the DDC Court's Order as to class certification, which Respondents agree that Petitioner is a member, and the DDC's TRO enjoin Respondents from acting to remove Petitioner from the country on AEA grounds, and (2) there are no other Orders pending subjecting Petitioner to removal under Title 8.

11. Respondents wish to provide this Court with a timely and fully briefed argument setting forth their position. While Respondents can and will provide the Court and counsel a copy of Petitioner's A-File as directed (on March 18, 2025), it is difficult to impossible to provide a complete response by noon on March 18, 2025 (as required under this Court's Order of March 15, 2025) due to all the moving parts and the ongoing litigation taking place in the District Court in Washington, D.C. and now the Circuit Court in Washington, D.C.

12. Given that this Petitioner is in no immediate danger of deportation or removal, and that he is a member of a class for which related, and relevant, litigation in another Circuit is ongoing, Respondents respectfully move this Court for: (1) a one week extension of time (to Tuesday March 25, 2025) to file their response to the Petitioner's requests for injunctive relief, and (2) a continuance of the March 19, 2025, to a date following the submission of Respondents' response.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Respondents pray this Court grant this motion and issue an order extending the deadline for filing their response from March 18, 2025, to March 25, 2025 and continue the March 19, 2025, hearing in this matter to a date following the submission of Respondents' response.

                Respectfully submitted,

                NICHOLAS J. GANJEI
                United States Attorney

                DANIEL D. HU
                Civil Division, Chief
                United States Attorney's Office
                Southern District of Texas

                By: ***s/Nancy L. Masso***
                NANCY L. MASSO
                Assistant United States Attorney
                600 East Harrison St., #201
                Brownsville, Texas 78520
                TEL: (956) 548-2554
                FAX: (956) 548-2775
                State Bar No. 00800490
                Fed. I.D. No. 10263

## CERTIFICATE OF CONSULTATION

In accordance with the Local Rules of this Court, I certify that on March 17, 2025, I consulted with opposing counsel regarding the filing of this motion and the relief requested. Counsel advised that he needed to consult with his client before providing me his position; as of the time of filing, Counsel did not respond. Therefore it is assumed that he opposes this motion.

**Signed: March 17, 2025**                **/s/ Nancy L. Masso, AUSA**
                                            NANCY L. MASSO
                                            Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on March 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sends notice of electronic filing to all counsel of record.

> *s/Nancy L. Masso*
> NANCY L. MASSO
> Assistant United States Attorney