Case 1:25-cv-00057   Document 31   Filed on 04/07/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL ENRIQUE ZACARIAS MATOS, § § Petitioner, § § VS. § FRANCISCO VENEGAS, *et al.*, § § Respondents. § | § § § § CIVIL ACTION NO. 1:25-CV-057 § § § § § |

## **PRELIMINARY INJUNCTION AND SCHEDULING ORDER**

On March 15, 2025, the Court issued a Temporary Restraining Order (Doc. 3) that enjoined Respondents from "transferring or relocating Daniel Enrique Zacarias Matos from the El Valle Detention Center, [or] transporting [him] outside of Willacy County or Cameron County, Texas, without an Order from the Court." The Court has extended the TRO, most recently to April 7, 2025, at 4:00 p.m. (central standard time). (*See* Order, Doc. 18)

The Respondents have represented that Petitioner is subject to a Proclamation by the President of the United States, issued on March 14, 2025, and proclaiming "that all Venezuelan citizens 14 years of age or older who are members of TdA [Tren de Aragua], are within the United States, and are not actually naturalized or lawful permanent residents of the United States are liable to be apprehended, restrained, secured, and removed as Alien Enemies." Respondents claim that Petitioner is a member of TdA. Petitioner denies that he is.

On April 7, 2025, the Court held a telephonic conference, during which the Petitioner and Respondents proposed an agreed briefing schedule regarding certain issues that this lawsuit raises, focused on whether Petitioner is a member of TdA.[1] The Parties proposed that the Court schedule an evidentiary hearing after the completion of briefing to consider those issues. The

---

[1] The ongoing litigation in *J.G.G., et al. v. Donald J. Trump, In His Capacity as President of the United States, et. al.*, No. 1:25-cv-766 (D.D.C. 2025) may affect other issues that Petitioner's lawsuit raises.

Government agreed to the conversion of the Temporary Restraining Order into a Preliminary Injunction through the date of the proposed evidentiary hearing.

Based on the record and the applicable law, the Court finds that good cause supports the establishment of a briefing schedule on the issues indicated below, followed by an evidentiary hearing on the issue of whether Petitioner is a member of TdA. Thus, it is:

**ORDERED** that by no later than April 14, 2025, the Petitioner shall file a Brief addressing whether he is a member of TdA, the standard that the Court should apply in determining whether Petitioner is a member of TdA, whether the Federal Rules of Evidence apply to the evidentiary hearing, and any other issues that Petitioner believes are relevant to the determination of whether he is a member of TdA;

**ORDERED** that by no later than April 21, 2025, the Respondents shall file a Response to the issues raised in the Petitioner's Brief and any other issues that Respondents believe are relevant to the determination of whether Petitioner is a member of TdA;

**ORDERED** that by no later than April 28, 2025, the Petitioner may file a Reply brief on the issues previously briefed; and

**ORDERED** that the parties shall appear for an evidentiary hearing on Monday, May 5, 2025, at 9 a.m. The District Clerk's Office shall provide a staff interpreter for any individual called as a witness who requires a Spanish interpreter.

The Court also finds that under Federal Rule of Civil Procedure 65, good cause exists to convert the Temporary Restraining Order currently in effect into a Preliminary Injunction. Based on the record, the agreement of the parties, and the applicable law, the Court finds that a Preliminary Injunction will ensure that the status quo is maintained through the evidentiary hearing and the Court's consideration of the issues raised at that hearing. As a result, it is also:

**ORDERED** that the Respondents are enjoined from transferring or relocating Daniel Enrique Zacarias Matos from the El Valle Detention Center, and are enjoined from transporting

Daniel Enrique Zacarias Matos outside of Willacy County or Cameron County, Texas, without an Order from the Court.

This Preliminary Injunction shall expire on the earlier of 4:00 p.m. (central time) on Monday, May 12, 2025, or by Order of the Court.

In addition, for the reasons stated on the record at the April 7, 2025 hearing, the Court finds that no security is required under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)). The Respondents retain the right to move for the Court to require Petitioner to post security under Rule 65(c).

Signed on April 7, 2025.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge